UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| STEVEN E. ROUSSEAU,<br><br>      Plaintiff,<br><br>v.<br><br>ST. PETER REGIONAL<br>TREATMENT CTR.,<br><br>      Defendant. | Civil No. 07-4823 (DSD/JSM)<br><br>**REPORT AND<br>RECOMMENDATION** |

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is a civilly committed detainee at the St. Peter Regional Treatment Center in St. Peter, Minnesota. He is attempting to sue the St. Peter Regional Treatment Center for medical malpractice.

Plaintiff alleges that Defendant "did not assert correct diagnosis for Plaintiff['s] mental health." He further alleges that Defendant "committed malpractice in April of 2005 by falsely committing Plaintiff... when he was 'psychologically stable,'" and that Defendant's "standard of care is deficient and incorrect."

Plaintiff is attempting to sue Defendant under 42 U.S.C. § 1983 – the statute that allows citizens to sue state actors for alleged violations of the federal Constitution. He is seeking a judgment against Defendant for a "reasonable amount greater than one hundred million dollars."

## II. DISCUSSION

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). See also Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) ("[u]nder section 1915(e)(2)(B)(ii), a District Court shall dismiss a complaint filed in forma pauperis 'at any time if ... the action ... fails to state a claim on which relief may be granted'"). Here, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted for several reasons.

First, it appears that the named Defendant, "St. Peter Regional Treatment Center," is merely the name of a building or institution, and that it is not a cognizable legal entity that can be sued as such.

Second, if the named Defendant is a legal entity, then it presumably is an agency of the State of Minnesota, which means that it is immune from suit in federal court under the Eleventh Amendment. Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Glick v. Henderson, 855 F.2d 536, 540, (8th Cir. 1988).

Third, it is well-settled that medical malpractice does not violate the federal constitution, and that medical malpractice claims are not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[m]edical malpractice does not

become a constitutional violation merely because the victim is a prisoner").[1]

For all of the aforementioned reasons, the Court finds that Plaintiff has failed to state a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be denied; and

2. This action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: December 18, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by January 7, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the

---

[1] The Court further notes that Plaintiff appears to be seeking federal court review of a judgment previously entered in the state district court for Hennepin County, Minnesota. However, the "Rooker-Feldman doctrine" holds that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001). See also Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005) (Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [Federal] district court proceedings commenced and inviting district court review and rejection of those judgments").

basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.